O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER LYNN HENDERSON,<br><br>        Petitioner,<br><br>   vs.<br><br>JAVIER CAVAZOS, Warden,<br><br>        Respondent. | CASE NO. SA CV 11-00128 PSG (RZ)<br><br>ORDER SUMMARILY DISMISSING ACTION WITHOUT PREJUDICE |

The Court will dismiss this habeas action summarily because Petitioner expressly states that she currently has at least one pending state-court challenge to her conviction or sentence.

**I.**

**INTRODUCTION**

Generally, Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Here, the petition is unexhausted, as explained below, in that Petitioner already has a pending state-court challenge to the conviction that is targeted here.

## II.

## APPLICABLE EXHAUSTION LAW

### A. The General Rule Requiring Pre-Filing Exhaustion Of Claims

As a matter of comity between state and federal courts, a federal court should not address the merits of a habeas corpus petition unless the petitioner first has sought state judicial review of every ground presented in the petition. *Rose v. Lundy*, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). Indeed, Congress has instructed that a habeas petition brought by a person in state custody cannot be *granted* "unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Under some circumstances, an unexhausted petition may be *denied* on the merits. 28 U.S.C. § 2254(b)(2). However, in the usual case, the most appropriate course of action for a district court presented with an unexhausted petition is to dismiss the petition without prejudice. *Hoxsie v. Kerby*, 108 F.3d 1239, 1242 (10th Cir. 1997).

### B. The *Sherwood* Doctrine Barring Parallel Proceedings

If a petitioner has post-conviction proceedings pending in state court, the federal exhaustion requirement is not satisfied. *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *see also Belbin v. Picard*, 454 F.2d 202, 204 (1st Cir. 1972) (rejecting federal habeas relief where petitioner's state-court challenge to his conviction was still pending) ("We cannot too strongly condemn the practice of proceeding with post trial relief in two courts simultaneously . . . ."). A would-be federal habeas petitioner generally must await the outcome of any pending state-court challenges to his state conviction before proceeding in federal court, even if the issue he plans to raise in federal court has been finally settled in state court, and hence seemingly exhausted. *See Sherwood*, 716 F.2d at 634. Even if the pending state proceedings cannot resolve a federal constitutional issue raised in the federal petition, those state proceedings nevertheless may result in a reversal

of the conviction for some other reason, thereby rendering the federal petition moot. *Id*. (citations omitted).

A petitioner may not complete the exhaustion process in state court after filing a then-unexhausted federal petition, because –

> [t]he appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal habeas petition is filed, not when it comes on for hearing in the district court or court of appeals. Whether [Petitioner] currently has any state remedies available to him may be raised when and if [Petitioner] files another habeas petition in the district court.

*Gatlin v. Madding*, 189 F.3d 882, 889 (9th Cir. 1999) (citations omitted) (*quoting Brown v. Maass*, 11 F.3d 914, 915 (9th Cir. 1993) (*per curiam*)); *accord*, *Domaingue v. Butterworth*, 641 F.2d 8, 14 (1st Cir. 1981) (declining to take judicial notice of state court decision allegedly establishing exhaustion, rendered after filing of federal habeas petition that was unexhausted at time of filing).

## III.
## DISCUSSION

Petitioner expressly states that she has a pending state habeas action; indeed, it was filed less that two weeks before this action began. *See* Pet. ¶ 7 ("FILED: 1/14/11"). The *Sherwood* doctrine requires the petition's dismissal. Petitioner may not commence a habeas action here while he is still pursuing similar relief in the state courts.

Accordingly, the Petition is DISMISSED WITHOUT PREJUDICE.

Should Petitioner, who is represented by counsel, return to this Court, she is admonished that habeas petitions must be submitted on a current version of the Court's Form CV-069. *See* CIV. L.R. 83-16.1. The current petition appears on an outdated version of that form. In addition, Petitioner must include at least a brief statement of each of her

claims in the spaces provided in the form petition itself. Although Petitioner may also include a memorandum expanding on her claims, as she has done here, it is improper for her to state simply "See attached [brief]" in the spaces provided on the form for the claims, as she has done in the current petition.

DATED: January 31, 2011

PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

Presented By:

RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE